# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:11-cv-08319 |
| v. | ) Judge Joan B. Gottschall |
| CITIBANK, N.A. and CITICORP CREDIT SERVICES, INC. (USA), | )<br>) |
| Defendants. | ) |

## DEFENDANTS CITIBANK, N.A. AND CITICORP CREDIT SERVICES, INC. (USA)'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs, Citibank, N.A. ("Citibank") and Citicorp Credit Services, Inc. (USA) ("Citicorp") (collectively, "Citi"), for their Answer to the Complaint of Plaintiffs/Counterclaim Defendants, Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively, "Plaintiffs"), state as follows:

1. This is a claim for patent infringement that arises under the patient laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Citi does not contest that the Complaint purports to state an action for patent infringement. Nor does Citi contest that the Court has subject matter jurisdiction over the patent law claims. Citi denies that it has committed any acts of infringement and otherwise denies any remaining allegations in this paragraph.

2. Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER:** Citi is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3. Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER:** Citi is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4. On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as the inventor (the "'171 patent"), which claims priority from an application filed on October 15, 1992.

**ANSWER:** Citi admits that the face of the '171 patent indicates that the patent is titled "System and Method for Making a Payment from a Financial Account," lists an issue date of October 3, 2006, and identifies Robert Pollin as inventor. Citi admits that the '171 patent claims priority to an application filed October 15, 1992, but is without sufficient knowledge or information to form a belief as to the truth of the priority claim and therefore denies same.

5. Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '171 patent.

**ANSWER:** Citi is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

6. PPL is an exclusive licensee to rights in the '171 patent.

**ANSWER:** Citi is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7. Among other activities, Autoscribe specializes in various forms of electronic payment solutions, including software and services for payment capture, risk management, ACH processing and check by phone (see, e.g., www.paymentvision.com). Among other things, PPL is responsible for the licensing of the '171 patent.

**ANSWER:** Citi is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. Autoscribe and PPL have standing to sue for infringement of the '171 patent because they collectively own all right, title and interest in and to the '171 patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendants' acts of patent infringement.

**ANSWER:** To the extent this paragraph contains conclusions of law, no answer is required. Citi denies that it has infringed the '171 patent, denies that the '171 patent is valid and enforceable, and denies that either Autoscribe or PPL have suffered injury. Citi is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

9. Upon information and belief, Citibank, N.A. ("Citibank") is a commercial bank chartered to do business throughout the United States, having a business address of 701 East 60th Street North, Sioux Falls, South Dakota 57104. Upon information and belief, Citibank provides, among other things, a variety of banking products and services to customers throughout the United States, including Illinois and this judicial district, in branches, online and over the telephone.

**ANSWER:** Citibank, N.A. ("Citibank") admits that is a national banking association that has a registered address at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Citibank admits that it provides products and services to customers throughout the United States and in this judicial district and that certain products and services are available on line and/or over the telephone. To the extent a further response is required, Citibank does not understand what plaintiff intends the language "banking products and services" to mean in this context and,

therefore, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus denies them.

   10. Upon information and belief, Citicorp Credit Services, Inc. (USA) ("Citicorp") is a Delaware corporation with its headquarters in Jacksonville, Florida. Citicorp is registered to do business in Illinois and this judicial district, with a registered agent at CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Upon information and belief, Citicorp is a wholly owned subsidiary of Citibank and conducts many of its operations under the Citibank name. Also upon information and belief, Citicorp provides, among other things, credit card account and debt collection services to Citibank credit card customers throughout the United States, including Illinois and this judicial district, in Citibank branches, online and over the telephone.

   **ANSWER:** Citicorp Credit Services, Inc. ("Citicorp") admits that it is a Delaware corporation with a corporate office address at One Court, Square, LIC, New York 11120. Citicorp admits that it is registered to do business in the State of Illinois and the Northern District of Illinois, with a registered agent at CT Corporation System. Citicorp admits that it, either directly or through other entities (*e.g.*, Citibank), provides certain products and/or services to customers and that certain products and/or services are available on line and/or over the telephone. To the extent a further response is required, Citicorp does not understand what plaintiff intends the language "credit card account and debt collection services" to mean in this context and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus denies them.

   11. Upon information and belief, Citibank and Citicorp conduct credit card business and provide payment processing services in Illinois and this judicial district through local branches, the internet and by telephone, such as through call centers located in this judicial district and elsewhere. Also upon information and belief, Citibank and/or Citicorp own, operate, control, direct the activities of and/or collect funds through call centers, including call centers in Chicago and Schaumburg, Illinois, through which debt is collected using a telephone.

   **ANSWER:** Citibank and Citicorp admit that each provide products and/or services in Illinois and in this district either directly or though other corporate entities and that certain

products and/or services are available on line and/or over the telephone. To the extent further response is required, Citibank and Citicorp do not understand what plaintiff intends the language "credit card business and provide payment processing services," and "direct the activities of and/or collect funds through call centers" to mean in this context and, therefore, are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus denies them.

12. Accordingly, upon information and belief, and as set forth above, this Court has personal jurisdiction over Citibank and Citicorp because, among other things, they transact substantial business in Illinois and this judicial district, including the collection of debt from a debtor's checking account through the use of telephones and call centers located in this judicial district and from residents of Illinois and this judicial district.

**ANSWER:** To the extent this paragraph contains conclusions of law, no answer is required. Citibank and Citicorp do not contest personal jurisdiction in this Court in this matter. To the extent a further response is required, Citibank and Citicorp do not understand what plaintiff intends the language "the collection of debt from a debtor's checking account through the use of telephones and call centers" to mean in this context and, therefore, are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus denies them.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**ANSWER:** This paragraph contains only conclusions of law for which no answer is required. Citi does not contest that for the purposes of this action only, that venue is proper in this district but denies that this is the most convenient venue.

14. Citibank has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Citibank will have also infringed

the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:**   Denied.

15.   Citicorp has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Citicorp will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:**   Denied.

16.   Autoscribe and PPL have complied with the provisions of 35 U.S.C. § 287.

**ANSWER:**   Citi is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17.   Each Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**   Denied.

18.   Each Defendant's infringing activities have caused irreparable harm to Plaintiffs, which have no adequate remedy at law, and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting each Defendant from further infringement, contributing to and/or inducing infringement of the '171 patent.

**ANSWER:**   Denied.

## GENERAL DENIAL

Except as explicitly admitted herein, Citi denies each and every allegation contained in the Complaint.

**PRAYER FOR RELIEF**

Plaintiffs are not entitled to any damages, recovery, injunctions, or declarations against or otherwise adverse to Citi in this action, nor is Plaintiff entitled to any of the relief requested in Plaintiffs' Prayer Relief (a) - (e):

a. Citi denies requests for relief named herein.
b. Citi denies requests for relief named herein.
c. Citi denies requests for relief named herein.
d. Citi denies requests for relief named herein.
e. Citi denies requests for relief named herein.

**ADDITIONAL DEFENSES**

Citi alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only on those defenses deemed affirmative defenses by law, regardless of how such defenses are stated herein. Citi also reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST ADDITIONAL DEFENSE — NON-INFRINGEMENT**

1. Citi has not infringed, literally or under the doctrine of equivalents, and does not directly or indirectly infringe, any valid enforceable claim of the '171 patent.

**SECOND ADDITIONAL DEFENSE — INVALIDITY**

2. One or more of the claims of the '171 patent is invalid for failure to satisfy one or more of the patent requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and 132.

14994106\V-1

**THIRD ADDITIONAL DEFENSE — UNCLEAN HANDS, LACHES, ESTOPPEL, WAIVER, AND/OR ACQUIESCENCE**

3. Plaintiffs' claims of infringement are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, waiver, and/or acquiescence.

**FOURTH ADDITIONAL DEFENSE — 35 U.S.C. §§ 286-287**

4. To the extent Plaintiffs seek damages for any alleged infringement prior to giving its actual notice of the '171 patent to Citi, its damages, if any, are limited by 35 U.S.C. §§286-287.

**FIFTH ADDITIONAL DEFENSE — PROSECUTION HISTORY ESTOPPEL**

5. Plaintiffs are estopped, based on statements, representations, and admissions made during the prosecution of the application that led to the '171 patent (or related patent applications) and by reason of statements in the specification of the '171 patent (or related patent applications), from asserting any interpretation of the claims of the '171 patent that would be broad enough to cover any of Citi's products, services, or activities, either literally or under the doctrine of equivalents.

**SIXTH ADDITIONAL DEFENSE — PRECLUSION (COLLATERAL ESTOPPEL)**

6. Plaintiffs are precluded from asserting an interpretation of any claim of the '171 patent that would be broad enough to cover a paperless transactions contrary to, *inter alia*, a Markman Opinion and Order in prior litigation involving patents related to the '171 patent. *See Intell-A-Check Corp. v. Autoscribe Corp.*, 346 F. Supp. 2d 698 (D.N.J. 2004). Alternatively, if Plaintiffs assert that any claim of the '171 patent is broad enough to cover a paperless transaction, Plaintiffs are precluded from asserting that such claim is supported by the disclosure of the '171 patent as required by 35 U.S.C. § 112 para. 1 and is thus invalid.

14994106\V-1

**SEVENTH ADDITIONAL DEFENSE -- FAILURE TO STATE A CLAIM**

7.  The Complaint fails to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

8.  Citi has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available and reserves the right to assert additional defenses that may be developed through discovery in this action.

**COUNTERCLAIMS**

Defendants/Counterclaim Plaintiffs, Citibank, N.A. and Citicorp Credit Services, Inc. (USA) (collectively, "Citi"), by and through its attorneys, bring these Counterclaims against Plaintiffs/Counterclaim Defendants Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively, "Counterclaim-Defendants"), and state as follows:

**THE PARTIES**

1.  Defendant/Counterclaim Plaintiff Citibank, N.A. ("Citibank") is a national banking association with its principal place of business at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

2.  Defendant/Counterclaim Plaintiff Citicorp Credit Services, Inc. (USA) ("Citicorp") is a Delaware corporation with its principal place of business at Citicards Way, Jacksonville, FL 32258. Citicorp is a wholly owned subsidiary of Citibank.

3.  On information and belief, Plaintiff/Counterclaim Defendant Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

4.     On information and belief, Plaintiff/Counterclaim Defendant Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**JURISDICTION AND VENUE**

5.     These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6.     Venue is proper under at least 28 U.S.C. §§ 1391 and 1400(b).

7.     Counterclaim-Defendants have asserted that Citi infringes U.S. Patent No. 7,117,171 ("the '171 patent"). An actual controversy thus exits between Citi and Counterclaim-Defendants over the alleged infringement, validity, and enforceability of the '171 patent.

**FIRST COUNTERCLAIM**

8.     Citi restates and incorporates by reference its allegations in Paragraphs 1-7 above.

9.     Citi has not infringed, and does not directly or indirectly infringe, any valid, enforceable claim of the '171 patent, either literally or under the doctrine of equivalents. Citi has not contributorily infringed, nor induced infringement, of any valid, enforceable claim of the '171 patent.

10.    Citi is, therefore, entitled to a declaratory judgment that it does not infringe any valid, enforceable claim of the '171 patent.

## SECOND COUNTERCLAIM

11.     Citi restates and incorporates by reference its allegations in Paragraphs 1-11 above.

12.     The '171 patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

13.     Citi is, therefore, entitled to a declaratory judgment that the '171 patent is invalid.

## RELIEF REQUESTED

Wherefore, Citi respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a.   An order declaring that Counter-Defendants take nothing from Citi on the claims asserted in the Complaint;

   b.   A declaration that Citi does not infringe any valid and enforceable claim of U.S. Patent No. 7,117,171;

   c.   A declaration that U.S. Patent No. 7,117,171 is invalid;

   d.   Judgment against Counter-Defendants in favor of Citi;

   e.   Dismissal of the Complaint with prejudice;

   f.   An order declaring that this is an exceptional case under 35 U.S.C. § 285;

   g.   An award to Citi of its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

   h.   Any such other relief as the Court may deem appropriate and just under the circumstances.

## **JURY DEMAND**

A response is not required to Plaintiffs' jury demand.  Citi hereby demands a trial by jury on all issues so triable.

        Respectfully Submitted By:

Dated: February 2, 2012    /s/ Mark C. Nelson
    Mark C. Nelson
    Texas State Bar No. 00794361
    Admitted Pro Hac Vice
    Jaspal S. Hare
    Admitted Pro Hac Vice
    New York State Bar No. 4559324
    SNR Denton US LLP
    2000 McKinney Avenue, Suite 1900
    Dallas, Texas 75201-1858
    214.259.0990 telephone
    214.259.0910 facsimile
    mark.nelson@snrdenton.com
    jaspal.hare@snrdenton.com

    Natalie J. Spears
    ARDC No. 6230320
    Dimitry Kapmar
    Illinois State Bar No. 6286543
    SNR Denton US LLP
    233 South Wacker Drive, Suite 7800
    Chicago, Illinois 60606
    312.876.8000 telephone
    312.876.7934 facsimile
    natalie.spears@snrdenton.com
    dimitry.kapmar@snrdenton.com

    Eric L. Sophir
    Virginia State Bar No. 48795
    Admitted Pro Hac Vice
    SNR Denton US LLP
    1301 K Street, NW
    Suite 600, East Tower
    Washington, DC 20005-3364
    202-408-6400 telephone
    202-408-6399 facsimile
    eric.sophir@snrdenton.com

    **Attorneys for Defendants**
    **Citibank, N.A. and Citicorp Credit**
    **Services, Inc. (USA)**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 2, 2012 I electronically filed the foregoing ***Defendants Citibank, N.A. and Citicorp Credit Services, Inc. (USA)'S Answer, Affirmative Defenses and Counterclaims*** with the Clerk of the Court by using the CM/ECF System which will serve all counsel of record by notice of electronic filing, pursuant to FED. R. CIV. P. 5(b)(2)(D).

                                                                 /s/ Mark C. Nelson
                                                                  Mark C. Nelson

14994106\V-1